UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CONTRINA WILLIAMS and<br>LATONYA HOUSTON<br><br>　　Plaintiffs<br><br>v.<br><br>TSA FINANCIAL GROUP, LLC,<br>a Georgia Corporation, and JAMES<br>DURYEA, an individual,<br><br>　　Defendants. | Civil Action Number:<br><br>FLSA Action<br><br>Jury Trial Demanded |

## COMPLAINT

COMES NOW Plaintiff Contrina Williams (hereinafter "Plaintiff Williams") and Plaintiff Latonya Houston ("hereinafter Plaintiff Houston") (collectively "Plaintiffs") by and through their undersigned counsel, and file this Compliant against Defendants TSA Financial Group, LLC (hereinafter "Defendant TSA") and James Duryea (hereinafter "Defendant Duryea") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1.　The instant action arises from Defendant's violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

(hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiffs of their lawful overtime wages.

2. Plaintiff Williams was employed by Defendants mainly as a loan collector from approximately October 2013 through August 2014.

3. Plaintiff Houston was employed by Defendants as a loan collector from approximately August 2013 through January 15, 2014.

4. Since the very beginning of Plaintiffs' employments, Defendants committed violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C.

§ 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff Williams resides in Marietta, Cobb County, Georgia (within this District) and is a citizen of the United States.

9. Plaintiff Houston resides in Atlanta, Fulton County, Georgia (within this District) and is a citizen of the United States.

10. At all times material to this action, Plaintiffs were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiffs are further covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendants.

11. Upon information and belief, Defendant Duryea is the owner of Defendant TSA.

12. Defendant TSA is a corporation formed under the laws of the State of Georgia.

13. Defendant TSA is located within this District at 1590 North Roberts Road, Suite 101, Kennesaw, Georgia 30144.

14. Defendant TSA is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, James Duryea, 4741 Talleybrook Drive NW, Kennesaw, Georgia 30152.

15. Defendant Duryea is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 4741 Talleybrook Drive NW, Kennesaw, Georgia 30152.

16. Defendants conduct business within this State and District.

17. Defendants maintained either actual or constructive control, oversight and direction of Plaintiffs' work, including their employment, pay and other practices.

18. At all times material to this action, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

20. As loan collectors, Plaintiffs' primary duties were to make telephone calls to loan customers who were delinquent on their car loans and to answer telephone calls by customers regarding their loans and/or cars.

21. At all times relevant to this action, Plaintiffs' primary duties were not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

22. At all times relevant to this action, Plaintiffs were not responsible for customarily and regularly directing the work of two or more other employees.

23. At all times relevant to this action, Plaintiffs did not possess the authority to hire or fire other employees.

24. At all times relevant to this action, Plaintiffs did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

25. At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

26. Defendants typically scheduled Plaintiff Williams to work Monday through Friday from 8:30 a.m. until 5:30 p.m. Defendants typically scheduled Plaintiff Houston to work Monday through Friday from 9:00 a.m. until 6:30 p.m.

27. During these hours, Defendants required Plaintiffs to clock in each morning and clock out each evening. Defendants also required Plaintiffs to clock out/in for lunch each day.

28. Additionally, during Plaintiffs' employments, at times during the week, Defendants forwarded the company phone to Plaintiffs' cell phones starting at 6:30 p.m. until the following morning requiring Plaintiffs to continue working by answering phone calls. Defendants also regularly forwarded the company phone to Plaintiffs' cell phones on weekends, requiring Plaintiffs to continue working by answering phone calls. This afterhours time was called "on call" time.

29. Defendants prohibited Plaintiffs from clocking in for their on call hours.

30. At some point during Plaintiff Williams' employment, Defendants stopped forwarding the calls to Plaintiff Williams' cell phone and instead required her to take home Defendants' office cell phone.

31. During Plaintiff Houston's employment and the beginning of Plaintiff Williams' employment, Defendants compensated Plaintiffs upon a salary basis. In approximately July 2014, after Plaintiff Houston was no longer employed, Defendants compensated Plaintiff Williams an hourly rate.

32. To determine the number of hours worked each workweek, Defendants calculated the number of hours Plaintiffs worked during the workweek that were scheduled at the office.

33. To determine the number of hours worked each workweek, Defendants also did not calculate the number of hours that Plaintiffs worked outside of their scheduled time at the office.

34. Additionally, Defendants did not calculate the number of on-call hours that Plaintiffs worked when determining the number of hours worked each workweek.

35. Defendants required Plaintiffs to continue working at the office after their scheduled shift ended as well as required Plaintiffs to work off the clock by answering any calls either forwarded to their cell phone or to the office cell phone given to them to take home.

36. Defendants required Plaintiffs to regularly work in excess of forty (40) hours per week.

37. Defendants were aware that Plaintiffs were required to work beyond their scheduled time at the office.

38. Defendants were aware that Plaintiffs was required to work off the clock.

39. Plaintiff Williams repeatedly made her supervisors, including Defendant Duryea, aware that she was required to work off the clock and was not paid for this time.

40. At all times relevant to this action, Defendants did not compensate Plaintiffs for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

41. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs.

42. Defendants failed to meet the requirements for paying Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed, at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

43. Plaintiffs are entitled to compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times Plaintiffs' regular rate at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

44. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of Defendants' failure to act with good faith in compensating Plaintiffs, Plaintiffs are entitled to liquidated damages.

46. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

47. Plaintiffs demand a jury trial.

## COUNT I (OVERTIME)
### On Behalf of Plaintiff Williams and Plaintiff Houston

48. Plaintiffs repeat and incorporate by reference Paragraphs 1-47 herein. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

49. Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203 and 207 of the FLSA.

9

50. As a result of Defendants' violations of the FLSA, Plaintiffs has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

51. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

52. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial and are entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiffs be awarded damages plus an equal amount of liquidated damages;

B. That Plaintiffs be awarded reasonable attorneys' fees;

C. That Plaintiffs be awarded the costs and expenses of this action;

D. That Plaintiffs be awarded judgment in their favor; and

E.  That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 2nd day of November, 2014.

MARTIN & MARTIN, LLP

By: /s/ Kimberly N. Martin

Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(404) 313-5538/ (770) 837–2678 Fax